IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

ANNA GAUDIO, individually and on behalf of a class,

Plaintiff,

v.

WEST ASSET MANAGEMENT, INC.,

Defendant.

09 CIV. 2984

COMPLAINT – CLASS ACTION

JUDGE SEIBEL

FILED U.S. DISTRICT COURT S.D. OF N.Y.

## INTRODUCTION

1. Plaintiff Anna Gaudio brings this action to secure redress against unlawful attempts by defendant West Asset Management, Inc. to collect money from the relatives of deceased debtors. Plaintiff alleges violation of the Fair Debt Collection Practices Act.

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§1331 and 1337 and 15 U.S.C. §1692k (FDCPA).

4. Venue and personal jurisdiction over defendant in this District is proper because defendant's conduct impacted plaintiff here, and defendant does business here.

**PARTIES**

5. Plaintiff Anna Gaudio is an individual who resides in Pearl River, New York. She is the widow of Ralph Gaudio, recently deceased.

6. Defendant West Asset Management, Inc. ("WAM") is a Delaware corporation with its principal offices at 11808 Miracle Hills Drive, Omaha, Nebraska 68154. Its registered agent and office are Corporation Service Company, 80 State Street, Albany, New York, 12207-2543.

7. Defendant WAM is in the business of collecting debts originally owed to others, using the mails and telephone system for that purpose.

8. WAM is a debt collector as defined in the FDCPA.

9. Among the types of collection activity engaged in by WAM is what is sometimes referred to as "posthumous debt collection," in which attempts are made to induce the relatives of deceased debtors to pay their bills, even though no legal obligation to do so exists.

**FACTS**

10. On or after April 1, 2008, defendant WAM sent the letter attached as Exhibit A.

11. Exhibit A is a form letter, sent with respect to a large number of debts, the only difference being the name of the decedent, date, and information about the specific debt.

12. Exhibit A was received and opened by Anna Gaudio, his widow.

13. Exhibit A purports to be addressed to Ralph Gaudio, but acknowledges that he is deceased ("To the Estate of Ralph Gaudio . . . . Please accept our sincere condolences on the death of Ralph Gaudio").

14. Exhibit A requests payment of a $1,168.19 debt allegedly owed by Ralph Gaudio, but is intentionally ambiguous as to who if anyone is obligated to pay it.

15. The salutation is "To the Estate of Ralph Gaudio." However, there was no estate. Whether an estate exists in New York is a matter of public record.

16. The text of the letter is clearly directed to someone other than Ralph Gaudio.

17. The letter begins by stating that "If the account has credit life insurance, please contact our office immediately. Our representative will assist you in filing a claim for payment from the appropriate insurance carrier."

18. This statement is intended to provoke action by some natural person in the family of the decedent.

19. The letter then states, "If there is an estate, please forward the Notice of Administration form to our office for processing."

20. Since the existence or nonexistence of an estate is a matter of public record, this statement is contrived to be confusing.

21. The letter then continues, "It's easy to resolve this account", and invites the reader, who cannot be Ralph Gaudio, to call a toll-free number "to further discuss the bill or provide payment information over the phone." It then asks the reader to pay by Internet or phone using a credit or debit card or an authorization to debit a bank account.

22. Since a claim against an estate is handled in court, this statement can only be intended to induce a person related to the decedent or residing in the decedent's household to call and arrange to pay the debt.

23. Plaintiff consulted an attorney, who on May 1, 2008 faxed a letter to WAM disputing the debt, requesting verification, and inquiring who WAM considered the obligor. A copy of this letter together with the fax transmission receipt is attached as Exhibit B.

24. On May 28, 2008, twenty-seven days after hearing from counsel, and without verifying the debt, WAM sent another letter, Exhibit C, addressed to the deceased, Ralph Gaudio," with a salutation, "To the Estate of Ralph Gaudio." This letter was also received and opened by Anna Gaudio.

25. Exhibit C is a form letter, sent with respect to large numbers of debts, the only difference being the name of the decedent, date, and information about the specific debt.

26. Exhibit C offers a settlement.

27. Exhibit C continues, "It's easy to resolve this account", and invites the reader to call a toll-free number "to further discuss the bill or provide payment information over the phone." It then asks the reader, who cannot be Ralph Gaudio, to pay by Internet or phone using a credit or debit card or an authorization to debit a bank account.

28. Since a claim against an estate is handled in court, this statement can only be intended to induce a person relating to the decedent or residing in the decedent's household to call and arrange to pay the debt.

29. Exhibits A and C are ambiguous and confusing as to who is being requested to pay the debt.

30. On information and belief, Exhibits A and C were contrived to be ambiguous and confusing as to who is being requested to pay the debt, with the objective of inducing a relative of the decedent or person residing with the decedent to call WAM so that

WAM can induce them to pay money for which they probably have no legal liability.

31. Exhibits A and C fail to disclose material information necessary in order to make the statements made not misleading, namely, that the letter is sent to persons who may not be liable for the debt.

## VIOLATION ALLEGED

32. Exhibit A violates the FDCPA, 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), and 1692f.

33. Section 1692e provides:

> **§ 1692e. False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2) The false representation of--**
>
> **(A) the character, amount, or legal status of any debt . . .**
>
> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

34. Section 1692f provides:

> **§ 1692f. Unfair practices [Section 808 of P.L.]**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

## CLASS ALLEGATIONS

35. Plaintiff brings this claim on behalf of a class, consisting of (a) all natural persons with New York addresses (b) who received a letter in the form represented by Exhibit A

or Exhibit C (c) dated during a period beginning on a date one year prior to the filing of this action and ending 20 days after the filing of this action.

36. The class is so numerous that joinder is impracticable.

37. There are more than 100 natural persons with New York addresses who received a letter in the form represented by Exhibit A or Exhibit C dated during a period beginning on a date one year prior to the filing of this action and ending 20 days after the filing of this action.

38. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common questions are:

1. Whether Exhibits A and C are misleading;
2. Whether Exhibits A and C fail to disclose matters necessary to make the statements made not misleading;
3. Whether Exhibits A and C violate the FDCPA.

39. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

40. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

41. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

1.   Statutory damages;

2.   Actual damages for any class member that paid the debt;

3.   Attorney's fees, litigation expenses and costs of suit;

4.   Such other or further relief as the Court deems proper.


Abraham Kleinman (AK-6300)

Abraham Kleinman
KLEINMAN LLC
626 RXR Plaza
Uniondale, New York  11556-0626
(516) 522-2621
(888) 522-1692 (FAX)

Pro hac vice admission to be applied for.


Daniel A. Edelman
Cathleen M. Combs
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

**JURY DEMAND**

Plaintiff demands trial by jury.

Abraham Kleinman (AK-6300)

**EXHIBIT A**

Dept 11576
PO Box 1259
Oaks, PA 19456

7171 MERCY ROAD
OMAHA, NE 68106

**IMPORTANT NOTICE**

| Statement Date: | 04-01-2008 |
|---|---|
| Account Number: | 155823031 |
| Creditor Account Number: | 4266841140155332 |
| Creditor(s): | CHASE BANK USA, N.A. |
| Account Balance: | $1,168.19 |

RALPH GAUDIO
452 E CROOKED HILL RD
PEARL RIVER, NY 10965-1163

RE: CHASE BANK USA, N.A.

To the Estate of RALPH GAUDIO:

Please accept our sincere condolences on the death of RALPH GAUDIO. WEST ASSET MANAGEMENT, INC. has been retained to handle this account. The balance owed is $1,168.19.

*If the account has credit life insurance, please contact our office immediately. Our representative will assist you in filing a claim for payment from the appropriate insurance carrier.*

If there is an estate, please forward the Notice of Administration form to our office for processing. (You may obtain this form from the probate court or attorney.)

**It's easy to resolve this account:**

1. Call us at 877-486-4996 to further discuss the bill or provide payment information over the phone. Our office hours are MONDAY-THURSDAY 7:00AM - 9:00PM, FRIDAY 7:00AM - 5:00PM, SATURDAY 8:00AM - 12:00PM CST/CDT; or
2. Log on the internet at www.Easydebtpay.com or call toll free at 866-209-2879 to pay this account over the phone. Use a credit card, or a Visa/MasterCard backed debit card, or simply withdraw directly from your bank account; or
3. Enclose check or money order for payment in the provided envelope and mail the payment to the address provided.

Please contact our representatives 877-486-4996 for additional assistance with this matter. We appreciate your cooperation at this difficult time.

Sincerely,

WEST ASSET MANAGEMENT, INC.

***Notice - See Reverse For Important Information** 

PLEASE ENCLOSE THIS PORTION WITH YOUR PAYMENT TO ENSURE PROPER CREDIT TO YOUR ACCOUNT

RALPH GAUDIO
452 E CROOKED HILL RD
PEARL RIVER, NY 10965-1163

| Statement Date: | 04-01-2008 |
|---|---|
| The Estate of: | RALPH GAUDIO |
| Account Number: | 155823031 |
| Creditor(s): | CHASE BANK USA, N.A. |
| Account Balance: | $1,168.19 |

Please note your account number on your check or money order to ensure proper credit to your account

Amount Enclosed $__________

Make Payment To:

WEST ASSET MANAGEMENT, INC.
P.O. BOX 956842
ST. LOUIS, MO 63195

01 000000000155823031 8 00000116819 131223010000 4

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

New York City Department of Consumer Affairs License Number: Permit #:1187934

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

# Estate Management Tips:

- If the decedent is entitled to a Federal or State Income Tax Refund, consider using it to clear up outstanding financial obligations.
- In some cases, estate assets can be sold or real property can be refinanced to generate the cash needed to pay pending claims.

Please contact a West Asset Management, Inc. representative to further discuss these options. Our toll free number is located on the notice included with this correspondence.



Dept. 11578
PO Box 1259
Oaks, PA 19456

FIRST CLASS

RALPH GAUDIO
452 E CROOKED HILL RD
PEARL RIVER, NY 10965-1163

B2WSSP1 10965

**EXHIBIT B**

**THE KATZ LAW FIRM, PC**

Attorneys at Law
85 Highview Road
Suffern, NY 10901
Tel: (845) 290-9678
Fax: (845) 503-2341

David M. Katz
*Admitted in New York & New Jersey

May 1, 2008

**SENT VIA FACSIMILE TO 402-384-5093**
West Asset Management
7171 Mercy Road
Omaha, NE 68106

Re: Account #155823031

To Whom It May Concern,

Please be advised that I have been retained in relation to account # 155823031. My client has informed me that this debt is disputed. Therefore, please note this debt as disputed and send me written verification of this disputed debt. Additionally, please verify as to who the obligor of this disputed debt is.

Sincerely,

David M. Katz, Esq.

**THE KATZ LAW FIRM, PC**

Attorneys at Law

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

Re: [illegible]

To Whom It May Concern,

[illegible]

[illegible]

* * * Communication Result Report ( May. 2. 2008 1:51PM ) * * *

P. 1

Fax Header)

Date/Time: May. 2. 2008 1:51PM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|---|
| 8286 | Memory TX | 914023845093 | P. 1 | OK | |

Reason for error
E. 1) Hang up or line fail
E. 3) No answer
E. 5) Exceeded max. E-mail size
E. 2) Busy
E. 4) No facsimile connection

**EXHIBIT C**

Dept 11576
PO Box 1259
Oaks, PA 19456

7171 MERCY ROAD
OMAHA, NE 68106

**IMPORTANT NOTICE**

| Statement Date: | 05-28-2008 |
|---|---|
| Account Number: | 155823031 |
| Creditor Account Number: | 4266841140155332 |
| Creditor(s): | CHASE BANK USA, N.A. |
| Account Balance: | $1,168.19 |

133142

RALPH GAUDIO
452 E CROOKED HILL RD
PEARL RIVER, NY 10965-1183

To the Estate of RALPH GAUDIO:

WEST ASSET MANAGEMENT, INC. has been retained to handle this account. We are offering the estate a:

**85% Settlement Offer**

TOTAL AMOUNT OWED: $1,168.19
SETTLEMENT OFFER: $992.96

**It's easy to resolve this account:**

1. Call us at 877-496-4998 to further discuss the bill or provide payment information over the phone. Our office hours are MONDAY-THURSDAY 7:00AM - 8:00PM, FRIDAY 7:00AM - 5:00PM, SATURDAY 8:00AM - 12:00PM CST/CDT; or
2. Log online via our secure web site www.Easydebtpay.com; or
3. Call our automated payment service at 866-269-2579 to pay this account over the phone; or
4. Enclose check or money order for payment in the provided envelope and mail the payment to the address provided.

_Our account representatives have the authority to negotiate a settlement on our client's behalf to help the estate resolve this matter._

Sincerely,

WEST ASSET MANAGEMENT, INC.

*Notice - See Reverse For Important Information 

PLEASE ENCLOSE THIS PORTION WITH YOUR PAYMENT TO ENSURE PROPER CREDIT TO YOUR ACCOUNT

RALPH GAUDIO
452 E CROOKED HILL RD
PEARL RIVER, NY 10965-1183

| Statement Date: | 05-28-2008 |
|---|---|
| The Estate of: | RALPH GAUDIO |
| Account Number: | 155823031 |
| Account Balance: | $1,168.19 |

Please note your account number on your check or money order to ensure proper credit to your account

Amount Enclosed $__________

Make Payment To:

WEST ASSET MANAGEMENT, INC.
P.O. BOX 956842
ST. LOUIS, MO 63195

01 0000000000155823031 6 00000116819 132816150605 2



Official Business
Penalty for Private Use, $300

Dept 11576
PO Box 1259
Oaks, PA 19456

[illegible]

RALPH GAUDIO
452 E CROOKED HILL RD
PEARL RIVER, NY 10965-1183

| Statement Date: |
|---|
| Account Number: |
| Creditor Account I |
| Creditor(s): |
| Account Balance |

PRESORTED
FIRST-CLASS MAIL
POSTAGE AND FEES PAID
IRS
PERMIT NO. G-48

# Estate Management Tips:

- If the decedent is entitled to a Federal or State Income Tax Refund, consider using it to clear up outstanding financial obligations.
- In some cases, estate assets can be sold or real property can be refinanced to generate the cash needed to pay pending claims.

**Please contact a West Asset Management, Inc. representative to further discuss these options. Our toll free number is located on the notice included with this correspondence.**

New York City Department of Consumer Affairs License Number: Permit #:1187934

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.